UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Peter Shefman,

    Plaintiff and heir and interested party,

v.                                           Case No. 09-11653

    Stephen E. Shefman, *et al.*,         Honorable Sean F. Cox

    Defendants.

_____/

## ORDER FOR SUMMARY REMAND

This matter is before the Court on a Notice of Removal filed by "Plaintiff and heir and interested party" Peter Shefman on May 2, 2009. Acting *pro se*, Mr. Shefman filed a Notice of Removal purporting to remove to this Court two related probate actions that have been pending in Oakland County Probate Court since 2007 and 2008 (Case No. 2007-309955-DE and Case No. 2008-319207-CZ). It appears that Mr. Shefman has listed numerous individuals as "Defendants," including several state court probate judges, attorneys, various employees of the state court, the personal representative of the Estate of Charlotte Wetsman, and "John and Jane Does 1 thru 99." (Notice of Removal at 1-2).

The removal statute directs the district court in which a notice of removal is filed to "examine the notice promptly" and, "[i]f it appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446 (c)(4). After examining the Notice of Removal, and its attachments, this Court concludes that removal is clearly improper and this action should be summarily remanded to the Oakland County Probate Court.

"Only state-court actions that originally could have been filed in federal court may be

removed to federal court by the defendant." *Caterpiller, Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1441. As set forth below, the probate actions at issue could *not* have been originally filed in federal court under either federal question jurisdiction or diversity jurisdiction.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Here, Mr. Shefman[1] seeks to remove two probate actions to this Court, but he has not identified any federal question raised by the pleadings in either of those actions. Thus, neither of the probate actions could have originally been filed in this Court based on federal question jurisdiction.[2]

In addition, Mr. Sheffman does not assert that removal is proper based on diversity jurisdiction and he has not identified the citizenship of any of the named parties. Moreover, even if he had asserted diversity jurisdiction, this Court would still lack jurisdiction under the "probate exception" to diversity jurisdiction. "The probate exception is a practical doctrine designed to promote legal certainty and judicial economy by providing a single forum of litigation, and to tap the expertise of probate judges by conferring exclusive jurisdiction on the probate court." *Lepard v. NBD Bank*, 384 F.3d 232, 237 (6th Cir. 2004) (quoting *Cenker v. Cenker*, 660 F.Supp.

---

[1] Moreover, "only a *defendant* has the right to remove." *Turner v. Jackson Park Hospital*, 2009 WL 606063 at *1 (7th Cir. 2009) (emphasis added) (citing 28 U.S.C. § 1441, 1443, 1446). Based on the submissions attached to the Notice of Removal, Mr. Sheffman is not a "defendant" in either of the probate actions. Rather, he is an interested party who has filed objections and other submissions in the probate actions.

[2] The Court notes that Mr. Shefman's Notice of Removal indicates that he believes that his constitutional rights have been violated in connection with the probate proceedings and that he intends to file a complaint "alleging violations of federal law by the Defendants." (Notice of Removal at 4). The fact that Mr. Sheffman may file a future complaint asserting a federal claim against one or more the individuals involved in the probate proceedings, however, does not provide a proper basis for removing the probate actions to this Court.

793, 795 (E.D. Mich. 1987)). "Under the so-called 'probate exception,' even when the requirements of diversity jurisdiction have been met – the parties are diverse and the amount in controversy exceeds the jurisdictional threshold, *see* 28 U.S.C. § 1332(a)(1)(2004) – a federal court nonetheless lacks jurisdiction over cases involving probate matters." *Lepard,* 394 F.3d at 237.

For all of these reasons, this Court concludes that this action was improperly removed.

**IT IS ORDERED** that this action is hereby **REMANDED** to the Oakland County Probate Court.

**IT IS SO ORDERED**.

S/ Sean F. Cox
Sean F. Cox
United States District Judge

Date:  May 5, 2009

I hereby certify that on May 5, 2009, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Peter Shefman
3140 Lakewood
Ann Arbor, MI 48103

S/ Jennifer Hernandez
Case Manager